No. 2002.—THE MECHANICS' AND TRADERS' BANK, Appellee, *v.* JOHN M. SANDERS, Appellant.

Where an obligation or note is prescribed and the holder shows nothing that will operate an in-terruption or suspension of prescription, the plea will prevail. 20 An. 131, 423, 565.

APPEAL from the Third District Court, parish of Terrebonne, *Gates,* J. *Winchester Hall, John A. LeBlanc,* and *T. P. Sherburne,* for appellee. *Bush & Goode,* for appellant.

WYLY, J. This action is based upon a promissory note made by the defendant on the fifteenth February, 1858, and due three years after date, to wit: fifteenth February, 1861.

The defense is, prescription of five years, general denial, and an allegation that the note was given for slaves.

Judgment was rendered in the District Court for plaintiff for the amount claimed by him and defendant has appealed.

There is no evidence in the record that prescription was ever renounced by the defendant or that it was ever interrupted by partial payment or acknowledgment or promise made by him.

The note matured fifteenth February, 1861, and the defendant was not served with citation till sixteenth April, 1867, six years and two months after its maturity.

Plaintiff has invoked the maxim *contra non valentem agere non currit prescriptio,* urging that suit was not "sooner instituted on said note by reason of the secession of the State of Louisiana from the Federal Union, and the consequences growing out of the same, and the hostile attitude in which the State placed itself toward the government of the United States in the recent war, averring that from twenty-sixth January, 1861, to the first June, 1865, by reason of said war and rebellion of the State of Louisiana and other southern States against the

government aforesaid, there was not in the parish of Terrebonne any duly constituted and legal court, nor any duly qualified judge, sheriff, or clerk of court, and that between said dates civil process was suspended and kept in abeyance by reason of said war."

The evidence in the record does not establish these allegations of of plaintiff.

It appears that the Federal forces took possession of the archives and occupied the parish site of Terrebonne parish from the month of October, 1862, till the end of the war; that the court was organized under Federal authority, and that suits were filed and process served by the clerk and sheriff during the year 1863 and subsequently.

The evidence is sufficient to satisfy us that plaintiff could have filed suit on this note in the parish of Terrebonne at any time after the occupation of that parish by the Federal forces, in October, 1862, and there is no just reason to invoke the maxim *contra non valentem agere non currit prescriptio.*

But even if he could not do so till the first of June, 1865, as alleged by him, there was ample time to institute suit between that time and fifteenth February, 1866, the period at which the prescription of five years accrued.

The plea of prescription must prevail. 20 An. 131, 423.

It is therefore ordered and decreed that the judgment of the court below be avoided and annulled, and it is now ordered that there be judgment in favor of the defendant, dismissing this suit at plaintiff's costs in both courts.